UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17CV-P160-GNS

ALLEN WILEY                   PLAINTIFF

v.

KDOC *et al*.                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Allen Wiley filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis* (DN 1). The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow other claims to proceed for further development.

**I.**

Plaintiff, a convicted inmate at the Kentucky State Penitentiary (KSP), names the following Defendants: the Kentucky Department of Corrections (KDOC); KSP Warden Randy White; Grievance Coordinator Dan Smith; Correctional Officers Terry Griffin, Stephen Mitchell, J. Knight, Burnett, and Chase Byrum; Sergeant Brendan Inglish; Lieutenant Jesse Combs; and Sergeant Gage Rodriguez. He sues each of the individually named Defendants in their individual and official capacities. Where the form asks the filer to state how each Defendant acted under color of state or local law, Plaintiff states, "Deliberate indifference and intentional excessive use of force."

Plaintiff alleges that on July 10, 2017, he was standing in a line outside of 5 cellhouse waiting to be searched by corrections officers. He states that Defendant Griffin walked up behind him and "stated look at the f***ing ground and stop looking at my f***ing officers." Plaintiff continues as follows:

I notice a cert team bat in officer Terry Griffin hand. Officer Terry Griffin then grabbed me and pushed me up against the concrete brick wall out side 5 cell house with a cert team bat in his hand. Officer Chase Byrum walked up and placed metal restraints excessively tight on my two wrists my wrists and hands swelled up instantly. Then Officer Terry Griffin and officer Stephen Mitchell Grabbed me by the back of my neck and head and chicken wing me were head was all the way down to my ankles and a baton was used on my shoulders to raise my arms as high as they can go while cuffed behind my back bent over. It was very hard difficult for me to walk in that type of position. Upon being escorted to 3 cellhouse I fell down on the concrete ground face first. While I was laying on the concrete ground in full metal restraints with my hands cuffed behind my back Sergeant Brendan Inglish started twisting my ankle. Sergeant Brendan Inglish I quote stated you are going to get the your f***ing ass up off the f***ing ground and you are going to f***ing walk. At this point my face arms two wrists hands knees legs were skinned up really really bad. I tried to get up and walk and Officer Terry Griffin and officer Stephen Mitchell again used the baton on my shoulders to raise my arms high as they can go while cuffed bent over. I fell down 3 times in this type of position. On the 3rd fall I was laying down on the concrete ground facce down in front of 3 cellhouse restrictive housing unit when Brendan Inglish odered J. Knight to shoot me in the lower back with a taser gun. After I was shot with the taser gun in the lower back Officer Terry Griffin gave his baton to one of the other officers and then grabbed me by my uniform shirts and started pulling and dragging me across the concrete ground on camera in front of 3 cellhouse restrictive housing unit.

Plaintiff maintains that the "force was applied in a bad faith effort not to maintain or restore discipline[;] it was used maliciously and sadistically to cause harm. The force used was unnecessary and wanton infliction of pain ensued as they intended needless harm." He further states that the Warden and KDOC "knew or reasonbly should have known the illegal action of excessive use of force because it is all on camera."

In addition, Plaintiff asserts that on August 13, 2017, Defendants Coombs, Rodriguez, and Burnett walked up to his cell door in 3 cellhouse and opened his food slot. According to Plaintiff, they ordered him "to come and cuff up cell search." He states that when he walked to his cell door, "Lieutenant Jesse Coombs pulled out his o.c pepper spray and threaten to use force and spray me in my face. I followed oders I was hand cuffed and stripped out. For 3 days I was inside . . . my cell with no mat no shoes socks clothes nothing."

Where the form requests the filer to state any injuries he incurred, Plaintiff states, "My face knees legs two wrist hands were skinned up really really bad. I received no medical treatment for my injuries. And bruises on my shoulders from baton."

As relief, he seeks compensatory and punitive damages and injunctive relief in the form of "the Court's protection that I not be retaliated against."

In a grievance attached to the complaint, Plaintiff describes the above alleged incident of excessive force. In addition, he states, "I was rejected medical treatment." He also states, "The two wardens Randy White and Steve Ford authorized these officers to use unnecessary force with leads to assults against inmates. Both wardens broke the law when they authorized these unnecessary assults against prisoners at K.S.P. institutional prison."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

3

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. KDOC and official-capacity claims

To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The KDOC is an entity of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. Therefore, it is not a "person" under § 1983, and Plaintiff cannot state a cognizable claim against it.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Therefore, the KDOC is immune from claims seeking all relief.

Plaintiff also sues each Defendant in his official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71. Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

for damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

With regard to Plaintiff's claims for injunctive relief, Plaintiff requests "the Court's protection that I not be retaliated against." The request that the Court protect Plaintiff from retaliation in the future must be denied. Any such threat is speculative and at this time merely hypothetical, which is insufficient to warrant injunctive relief. *See O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974). Therefore, all claims Defendants in their official capacities will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B. Individual-capacity claims

#### 1. Smith

Plaintiff lists Smith as a Defendant in the complaint, but he does not state specific allegations against him or state how he was involved in the alleged events. While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Plaintiff fails to state any grounds for seeking relief against Smith, and the claims against him must therefore be dismissed under Fed. R. Civ. P. 8.

Additionally, Plaintiff identifies Smith as a Grievance Coordinator. To the extent that Plaintiff is suing him based on the handling of his grievances, a plaintiff cannot maintain a claim against a prison official based solely on his denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Therefore, the Court also will dismiss the claims against Smith for failure to state a claim upon which relief may be granted.

### 2. Verbal threats

Plaintiff asserts that Coombs, Rodriguez, and Burnett came to his cell, threatened him with spraying OC pepper spray in his face. The Eighth Amendment proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). However, harassing or degrading language by a prison official, while unprofessional

7

and despicable, does not amount to a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (holding that a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *McDonald v. Sullivan Cty. Jail*, No. 2:08-CV-280, 2010 U.S. Dist. LEXIS 48737, at *7-8 (E.D. Tenn. May 18, 2010) (finding that a prison guard's threat to kill plaintiff "may be petty, oppressive, and unprofessional, [but] it is not unconstitutional"); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 U.S. Dist. LEXIS 30327, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights."); *Searcy v. Gardner*, No. 3:07-0361, 2008 U.S. Dist. LEXIS 118217, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Therefore, Plaintiff's allegation that Defendants threatened to spray him with pepper spray will be dismissed for failure to state a claim upon which relief may be granted.

### 3. Conditions of confinement

As to Plaintiff's claims that his cell was "stripped out" and that he went with "no mat no shoes socks clothes nothing[,]" the Supreme Court has held that "[e]xtreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d at 955. An Eighth Amendment claim challenging the

conditions of an inmate's confinement has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The circumstances, nature, and duration of a deprivation . . . must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

The Court finds that the conditions described by Plaintiff lasting only three days were of a short duration and do not constitute a sufficiently grave deprivation to give rise to an Eighth Amendment violation. *See, e.g.*, *Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003) (holding that an allegation of a seven-day deprivation of a mattress, sheets, and a blanket failed to state an Eighth Amendment claim); *Jones v. Toombs*, No. 95-1395, 1996 U.S. App. LEXIS 6545, at *2 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two-week period); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (holding that an eleven-day stay in an unsanitary cell was not unconstitutional because of the relative brevity of the stay and the availability of cleaning supplies); *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the like do not rise to the level of a constitutional violation."). Therefore, Plaintiff's claims concerning the conditions of his cell must be dismissed for failure to state a claim.

### 4. Denial of medical care

Plaintiff states in the complaint that he "received no medical treatment" for his injuries, and, in an attached grievance, he states that he "was rejected medical treatment." Plaintiff also makes a reference in his complaint to deliberate indifference.

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn by Parks v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47).

Upon review, the Court finds that Plaintiff's allegations that he "received no medical treatment" and "was rejected medical treatment" do not contain sufficient "'factual enhancement'" to state a deliberate indifference claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Once again, Plaintiff must give Defendants "fair notice" of his claim(s) against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. at 512 (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted); *see also* Fed. R. Civ. P. 8(a). Plaintiff does not describe when or how he requested medical treatment or to whom he made a request. His allegations fail to place any Defendant on notice of his claim for relief. Therefore, Plaintiff's

claims alleging denial of medical treatment will be dismissed under Fed. R. Civ. P. 8 and for failure to state a claim.

### 5. Excessive force

Upon review of Plaintiff's allegations concerning the July 10, 2017, incident of excessive force, the Court will allow Plaintiff's individual-capacity claims against White, Griffin, Byrum, Inglish, and Mitchell to proceed for further development. In allowing the claims to go forward, the Court passes no judgment on their merit or ultimate outcome.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against the KDOC, his official-capacity claims against all Defendants, all claims against Smith, as well as his claims concerning verbal threats, his conditions of confinement, and denial of medical care are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from defendants immune from such relief, and/or under Fed. R. Civ. P. 8.

Because no claims remain against them, the Clerk of Court is **DIRECTED to terminate Smith, Coombs, Rodriguez, and Burnett** as parties to this action.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the claims that have been permitted to proceed.

Date: March 21, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.010