# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CIVIL ACTION NO. 5:17CV-P160-TBR

ALLEN WILEY                            PLAINTIFF

v.

KDOC *et al.*                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Allen Wiley filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on Defendants' motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) (DN 21).

Plaintiff filed a motion for an extension of time to file a response to the motion (DN 24) and later filed a response (DN 28). Upon review, **IT IS ORDERED** that the motion for extension of time (DN 24) is **GRANTED**.

For the reasons stated below, the motion to dismiss will be denied.

## I. ALLEGATIONS WHICH SURVIVED INITIAL REVIEW

Plaintiff is a convicted inmate at the Kentucky State Penitentiary (KSP). Upon initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court allowed Plaintiff's excessive force claims to proceed against Defendants Randy White, Terry Griffin, Stephen Mitchell, J. Knight, Chase Byrum, and Brendan Inglish in their individual capacities. In the complaint, Plaintiff alleges that on July 10, 2017, he was standing in a line outside of 5 cellhouse waiting to be searched by corrections officers. He states

that Defendant Griffin walked up behind him and "stated look at the f***ing ground and stop looking at my f***ing officers." Plaintiff continues as follows:

> I notice a cert team bat in officer Terry Griffin hand. Officer Terry Griffin then grabbed me and pushed me up against the concrete brick wall out side 5 cell house with a cert team bat in his hand. Officer Chase Byrum walked up and placed metal restraints excessively tight on my two wrists my wrists and hands swelled up instantly. Then Officer Terry Griffin and officer Stephen Mitchell Grabbed me by the back of my neck and head and chicken wing me were head was all the way down to my ankles and a baton was used on my shoulders to raise my arms as high as they can go while cuffed behind my back bent over. It was very hard difficult for me to walk in that type of position. Upon being escorted to 3 cellhouse I fell down on the concrete ground face first. While I was laying on the concrete ground in full metal restraints with my hands cuffed behind my back Sergeant Brendan Inglish started twisting my ankle. Sergeant Brendan Inglish I quote stated you are going to get the your f***ing ass up off the f***ing ground and you are going to f***ing walk. At this point my face arms two wrists hands knees legs were skinned up really really bad. I tried to get up and walk and Officer Terry Griffin and officer Stephen Mitchell again used the baton on my shoulders to raise my arms high as they can go while cuffed bent over. I fell down 3 times in this type of position. On the 3rd fall I was laying down on the concrete ground facce down in front of 3 cellhouse restrictive housing unit when Brendan Inglish odered J. Knight to shoot me in the lower back with a taser gun. After I was shot with the taser gun in the lower back Officer Terry Griffin gave his baton to one of the other officers and then grabbed me by my uniform shirts and started pulling and dragging me across the concrete ground on camera in front of 3 cellhouse restrictive housing unit.

Plaintiff maintains that the "force was applied in a bad faith effort not to maintain or restore discipline[;] it was used maliciously and sadistically to cause harm. The force used was unnecessary and wanton infliction of pain ensued as they intended needless harm." He further states that the Warden and KDOC "knew or reasonbly should have known the illegal action of excessive use of force because it is all on camera."

Where the form requests the filer to state any injuries he incurred, Plaintiff states, "My face knees legs two wrist hands were skinned up really really bad. I received no medical treatment for my injuries. And bruises on my shoulders from baton."

Furthermore, in a grievance attached to the complaint, Plaintiff describes the above alleged incident of excessive force. He states, "I was rejected medical treatment." He also asserts, "The two wardens Randy White and Steve Ford authorized these officers to use unnecessary force with leads to assaults against inmates. Both wardens broke the law when they authorized these unnecessary assaults against prisoners at K.S.P. institutional prison."

## II. STANDARD

Courts apply the same standard under § 1915A as they do when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-cv-0064, 2012 U.S. Dist. LEXIS 64231, at *12-13 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."). As another district court stated, "[A] motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 U.S. Dist. LEXIS 107901, at *4 (D. Ariz. Aug. 2, 2012).

Under both § 1915A and Fed. R. Civ. P. 12(b)(6), to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). With the foregoing in mind, the Court will address the merits of the instant motion.

### III. ANALYSIS

#### *A. Defendant Byrum*

Defendants first argue that Plaintiff's claim against Defendant Byrum should be dismissed because the allegations are not sufficient to state a claim against him. Defendants cite to Sixth Circuit case law which governs the standard for surviving summary judgment on a handcuffing claim. They argue that Plaintiff failed to plead the required elements for such a claim. In Plaintiff's response, which he captioned as a response to both Defendants' motion to dismiss and their motion for summary judgment filed on the same day, he argues that Defendants are confusing the standards for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment and that no discovery has been taken to allow him to provide evidence to defeat summary judgment on this claim. Plaintiff states, "This was an unprovoked attack on Wiley by the named defendants and absent any physical resistance to be beaten brutally this Court should easily find that summary judgment should not be entered against plaintiff."

Plaintiff alleges in the complaint that the incident of excessive force began when "Officer Chase Byrum walked up and placed metal restraints excessively tight on my two wrists my wrists and hands swelled up instantly." Construing the complaint in the light most favorable to

4

Plaintiff, as the Court is required to do at the pleadings stage, *see Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), the Court finds that Plaintiff has alleged sufficient facts in support of his excessive force claim against Byrum to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), based on his allegation that Defendant Byrum took part in the incident along with other officers. A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of the allegations, *see Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014), and not a plaintiff's evidence. The extent of Defendant Byrum's involvement should be determined through the development of the case and not at this pleadings stage.

Therefore, the Court will deny Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss as to the claim against Defendant Byrum.

### *B. Other claims*

Defendants also move for dismissal of Plaintiff's claims brought against all other Defendants, as well. They argue that their alleged use of a Taser fails to state an excessive force claim under the Eighth Amendment. Even if it did, they maintain, the remainder of Plaintiff's claims are insufficient to state a claim because the allegations do not indicate that the force was applied maliciously and sadistically. They also state that Plaintiff's allegations do not rise above a *de minimis* use of force.

Plaintiff states that Defendants "[g]rabbed me by the back of my neck and head and chicken wing me were head was all the way down to my ankles and a baton was used on my shoulders to raise my arms as high as they can go while cuffed behind my back bent over." He alleges that while attempting to walk in this position he fell down on the concrete floor and a Defendant twisted his ankle. He further maintains that after he fell down a third time, he was

laying face first on the concrete floor in full restraints and was tased in the lower back. Again, at this pleadings stage, the Court must construe the complaint in the light most favorable to Plaintiff. Upon review, the Court finds that Plaintiff has stated sufficient factual allegations to maintain his Eighth Amendment excessive force claims against Defendants.

Accordingly, Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's excessive force claims against the Defendants other than Defendant Byrum will be denied.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (DN 21) is **DENIED**.

In addition, Defendants filed a motion to amend the Scheduling Order. They request an additional 60 days to file an answer from the date that the Court rules on the pending motion for summary judgment. They also request corresponding extensions to the other dates in the Court's Scheduling Order. Upon review,

**IT IS ORDERED** that the motion to amend the Scheduling Order is (DN 23) is **GRANTED**. The Court will enter a Revised Scheduling Order if the Court denies Defendants' motion for summary judgment.

Date:

cc:    Plaintiff, *pro se*
        Counsel of record
4413.010