UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-P160-TBR

ALLEN WILEY,                                                                     PLAINTIFF

v.

KDOC, *et al.*,                                                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court upon a motion by Defendants, Randy White, Terry Griffith, Stephen Mitchell, Chase Byrum, James Knight, and Brendan Inglish, for summary judgment. [DN 22]. Plaintiff, Allen Wiley, has filed his response. [DN 28]. Pursuant to *United States v. Ninety-Three Firearms*, the Court provided Plaintiff with guidance in responding to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and granted Plaintiff additional time to file a supplemental response. 330 F.3d 414, 427-28 (6th Cir. 2003); [DN 36]. The Court also granted in part Plaintiff's motion for an extension of time to file a supplemental response. [DN 38]. On March 1, 2019, Plaintiff filed a supplemental response. [DN 39]. Defendants filed a reply to Plaintiff's supplemental response. [DN 40]. Fully briefed, Defendants' motion is ripe for review and for the following reasons is **GRANTED.**

**Background**

Plaintiff is an inmate at the Kentucky State Penitentiary ("KSP"). Upon initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)), the Court allowed Plaintiff's excessive force claims to proceed against Defendants Randy White, Terry Griffin, Stephen Mitchell, James Knight, Chase Byrum, and Brendan Inglish in their individual capacities. [DN 11]. In his complaint, Plaintiff alleges that on July 10, 2017, he was standing in a

1

line outside of 5 cellhouse waiting to be searched by corrections officers. He states that Defendant Griffin walked up behind him and "stated look at the f***ing ground and stop looking at my f***ing officers." Plaintiff further alleges:

> I notice a cert team bat in officer Terry Griffin hand. Officer Terry Griffin then grabbed me and pushed me up against the concrete brick wall out side 5 cell house with a cert team bat in his hand. Officer Chase Byrum walked up and placed metal restraints excessively tight on my two wrists my wrists and hands swelled up instantly. Then Officer Terry Griffin and officer Stephen Mitchell Grabbed me by the back of my neck and head and chicken wing me were head was all the way down to my ankles and a baton was used on my shoulders to raise my arms as high as they can go while cuffed behind my back bent over. It was very hard difficult for me to walk in that type of position. Upon being escorted to 3 cellhouse I fell down on the concrete ground face first. While I was laying on the concrete ground in full metal restraints with my hands cuffed behind my back Sergeant Brendan Inglish started twisting my ankle. Sergeant Brendan Inglish I quote stated you are going to get the your f***ing ass up off the f***ing ground and you are going to f***ing walk. At this point my face arms two wrists hands knees legs were skinned up really really bad. I tried to get up and walk and Officer Terry Grifin and officer Stephen Mitchell again used the baton on my shoulders to raise my arms high as they can go while cuffed bent over. I fell down 3 times in this type of position. On the 3rd fall I was laying down on the concrete ground face down in front of 3 cellhouse restrictive housing unit when Brendan Inglish odered J. Knight to shoot me in the lower back with a taser gun. After I was shot with the taser gun in the lower back Officer Terry Griffin gave his baton to one of the other officers and then grabbed me by my uniform shirts and started pulling and dragging me across the concrete ground on camera in front of 3 cellhouse restrictive housing unit.

[DN1 at 7-8 (Plaintiff's Complaint)]. Plaintiff maintains that the "force was applied in a bad faith effort not to maintain or restore discipline[;] it was used maliciously and sadistically to cause harm. The force used was unnecessary and wanton infliction of pain ensued as they intended needless harm." *Id.* at 8. He further states that the Warden and KDOC "knew or reasonably should have known the illegal action of excessive use of force because it is all on camera." *Id.*

Plaintiff filed Grievance Number 17-07-103-G with the appropriate prison officials to complain of the incident at issue in this case. Grievance Number 17-07-103 was rejected by Grievance Coordinator Daniel Smith because Plaintiff failed to comply with Kentucky Corrections

Policies and Procedures ("CPP") 14.6(II)(J)(1)(a)(9) by suggesting specific disciplinary actions against staff members.[1] [DN 22-1 at 1 (Affidavit of Daniel Smith)]. Grievance No. 17-07-103-G is the only grievance Plaintiff filed regarding the incident at issue in this case. *Id.* Plaintiff did not re-submit a conforming grievance after it was rejected.

**Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir.1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. See *id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir.1996).

---

[1] Grievance Number 17-07-103-G was also rejected for being filed more than five working days after the incident, and for grieving a non-grievable issue.

**Discussion**

Defendants are entitled to summary judgment because Plaintiff failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1995. 42 USC § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this Title or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90, 95 (2006)).

In this case, Plaintiff only filed one grievance regarding the incident alleged in his complaint. [DN 22-1 at 1 (Affidavit of Daniel Smith)]. This grievance was rejected for three reasons: (1) Plaintiff was asking for inappropriate action to be taken; (2) Plaintiff's grievance was filed more than five working days after the incident; and (3) the issue grieved was non-grievable.[2] [DN 22-1 at 5 (Grievance Rejection Notice)]. Kentucky Corrections Policies and Procedures ("CPP") 14.6(II)(J)(1)(a)(9) provides: "An inmate filing a grievance concerning a staff member shall not suggest a specific form of disciplinary action." Pursuant to this rule, any grievance that suggests a prison official be removed from their position is procedurally defaulted.

---

[2] In their motion for summary judgment, Defendants concede that Plaintiff was in fact not grieving a non-grievable issue. But this fact is immaterial because Grievance Coordinator Smith appropriately rejected the grievance on other procedural grounds.

In his grievance, Plaintiff requests "that these officers be held accountable and removed from their positions." [DN 22-1 at 6 (Grievance Number 17-07-103-G)].[3] Therefore, Plaintiff's grievance is procedurally defaulted and Grievance Coordinator Daniel Smith properly rejected it[4]. In his supplemental response, Plaintiff argues "Plaintiff did exhaust his administrative remedies see exhibit A, he did refile but did not ever get another response." [DN 39 at 1]. "Exhibit A" is a document purporting to be grievance number 17-07-103-G, the same grievance number as the original grievance. Further, "Exhibit A" requests "These officers be held accountable and removed from their positions" and—like the original grievance—was rejected for "asking for inappropriate action to be taken." [DN 39-1]. Because Plaintiff's grievance was properly rejected for being procedurally defaulted and because Plaintiff did not re-file a conforming grievance, Plaintiff failed to exhaust the administrative remedies available to him and the Court must dismiss his excessive force claim. *See Chandler v. Hawkins*, 5:16-CV-00079-TBR, 2017 WL 1319831, *2 (W.D. Ky. Apr. 6, 2017) (Dismissing claim where plaintiff's grievance was rejected for requesting the suspension of a prison official without pay or, alternatively, reassignment to work in the guard tower.); *Grimes v. Aramark Correctional Services Co.*, 5:10-CV-43, 2011 WL 4453154, *2 (W.D. Ky. Sept. 26, 2011) (Dismissing claim where plaintiff's grievance was rejected for (1) filing more than five days after the incident, (2) requesting inappropriate action to be taken, and (3) improperly pertaining to more than one issue). There being no genuine dispute of material fact regarding

---

[3] Plaintiff has filed a document that also purports to be grievance number 17-07-103-G. [DN 1-1 at 2]. Although the Court notes that Plaintiff's document is missing the grievance aide's signature and "Date Received" stamp that is present on Defendants' document, it is unnecessary to determine which of these documents is legitimate because both documents request prison officials to be removed from their positions and the grievance rejection notice accompanying each document indicates that it was rejected on account of Plaintiff "asking for inappropriate action to be taken."

[4] Approximately one month prior the filing of grievance number 17-07-103-G, Plaintiff filed an unrelated grievance. Daniel Smith rejected the unrelated grievance for "asking for inappropriate action to be taken" because Plaintiff requested that "Mr. Bruce Bower be removed from treating prisoners at this institution." Therefore, Plaintiff was on notice of the grievance procedure prohibiting inmates from requesting specific disciplinary action.

whether Plaintiff exhausted the administrative remedies available to him, Defendants are entitled to judgment as a matter of law.

## Conclusion

For the foregoing reasons, Defendants' motion for summary judgment [DN 22] is **GRANTED.** The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 21, 2019

cc: Counsel of Record
cc: Allen Wiley, Pro Se, 231525
Kentucky State Penitentiary
5-1-B # 4
266 Water Street
Eddyville, KY 42038