UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-cv-00160-TBR

ALLEN WILEY                                                                                              PLAINTIFF

v.

KDOC, *et al*.                                                                                         DEFENDANTS

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff Allen Wiley's Motion to Reconsider pursuant to Federal Rule of Civil Procedure 54(b). [DN 93]. Plaintiff also filed a supplement to this motion. [DN 94]. Defendants responded. [DN 97]. Plaintiff replied. [DN 98; DN 100]. As such, this matter is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

**I.   Background**

A full recitation of the facts can be found in the Court's previous Memorandum Opinion and Order [DN 92]. A condensed version is as follows: Wiley filed a civil rights case against Kentucky Department of Corrections and numerous KSP employees. [DN 1]. After initial review, the Court allowed Plaintiff's Eighth Amendment excessive force claims to proceed against Defendants Randy White, Terry Griffin, Stephen Mitchell, James Knight, Chase Byrum, and Brendan Inglish in their individual capacities. [DN 11]. The Defendants filed and the Court granted a motion for summary judgment, [DN 22; DN 35], which the Sixth Circuit reversed and remanded. [DN 53]. Wiley amended his complaint adding an excessive force claim against Willard O'Bryan in his official capacity and a claim of supervisor liability against Inglish. [DN 67]. Defendant O'Bryan then filed a motion for summary judgment, [DN 82], which the Court granted and *sua sponte* terminated Randy White, Stephen Mitchell, James Knight, Chase Byrum, and Brendan Inglish because Wiley failed to exhaust his administrative remedies as to the defendants who were

not specifically named in his grievance. [DN 92]. Wiley now brings a Motion for Reconsideration of the Court's previous grant of summary judgment and termination of said defendants. [DN 93].

## II. Legal Standard

Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," Plaintiff's instant motion seeks relief under Federal Rule of Civil Procedure 54(b), which provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Indeed, the Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47–48 (1943)). Further, "district court[s] may modify, or even rescind, such interlocutory orders" for cause seen by it to be sufficient. *Id.* (citing *Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)); *see also Lellanau Wine Cellars Ltd. v. Black & Red, Inc.*, 118 Fed.Appx. 942, 946 (6th Cir. 2004). Still, reconsideration is disfavored, and the Court will reconsider an interlocutory order only if: (1) there is an intervening change in controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Johnson*, 2019 WL 236720, at *2; *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Adkins v. Kroger Ltd. P'ship*, No. 5:18-156, 2018 WL 6613786, at *3 (E.D. Ky. Dec. 18, 2018) (quoting *Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 495 (6th Cir. 2012)).

## III. Discussion

Upon review, the Court finds that reconsideration is warranted for the granting of Defendant O'Bryan's motion for summary judgment and the termination Defendants Randy White, Stephen Mitchell, Chase Byrum, James Knight, and Brendan Inglish. Reconsideration is appropriate because the Court finds a need to correct a clear error and prevent manifest injustice in light of newly available evidence. Previously, the Court granted summary judgment for these defendants because Plaintiff failed to exhaust the administrative remedies by not specifically naming them in his grievance. [DN 92]. Plaintiff did fail to exhaust this requirement, however, "in some limited circumstances an inmate is relieved of his duty to exhaust administrative remedies because the remedies are effectively unavailable." *Frazier v. Dollar*, No. 2:19-CV-00102-JRG-CRW, 2021 WL 1238275, at *4 (E.D. Tenn. Apr. 1, 2021) (citing *Ross*, 136 S. Ct. at 1859-60). "These circumstances include (1) when there is no possibility for relief through use of the procedure; (2) when the rules are so confusing as to render them essentially unknowable; and (3) when prison officials 'thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859-60).

Applying this same law in its prior Memorandum Opinion and Order, the Court determined that Wiley failed to show that the administrative remedies were effectively unavailable to him. [DN 92]. Previously, Wiley incorrectly argued that there was no policy requiring identification of all involved individuals, however, in his motion to reconsider, Wiley explains that he was actually unaware of such a policy due to the guards denial of his request for the grievance handbook and because "the factual circumstances of this excessive force event prevented him from being able to reasonably know, observe, or identify the officers involved." [DN 98 at 13; DN 93]. The Court previously held that "Wiley's allegation that the grievance form did not include an explicit

direction that an inmate should identify all individuals does not demonstrate that the grievance procedures were unknowable or unavailable," but with Plaintiff's newly explained argument and affidavit the Court finds that Wiley now sufficiently demonstrates that the grievance procedures were both effectively unknowable and unavailable. [DN 92].

After reviewing the parties' briefs for the present motion for reconsideration as well as some relevant case law, the Court finds that it erred by granting summary judgment and terminating the defendants, because the alleged unavailability of the required grievance procedures should defeat Defendants' previous motion for summary judgment. Defendants argue that "there is no question that Plaintiff was aware of the grievance procedure" because "during intake, the Inmate handbook was discussed with Plaintiff" and "Plaintiff signed an acknowledgement that he had an opportunity to receive information on the topics, which included the grievance procedure, and discuss and understand them." [DN 97 at 4]. Though Wiley might have been aware of the requirements when he went through orientation and signed the paperwork saying as much, that does not mean that he retained that information to accurately fill out his grievance form when he did not have assistance nor access to the Corrections Policy and Procedure (CPP). [DN 98]. Further, Plaintiff provides new evidence, previously unavailable due to Covid-19 restrictions, of Wiley's sworn affidavits stating that he was in fact unaware of the grievance procedure requirement and that he asked for but was denied a copy of CPP 14.6 which stated that all individuals must be listed. [DN 94]. As Defendants point out in their response, the Sixth Circuit simply requires that inmates "have a fair, reasonable opportunity to apprise [themselves] of the procedures." [DN 97, DN 53 (citing *Davies v. Hernandez*, 798 F. 3d 290, 295 (5th Cir. 2015))]. Denying Wiley's requests for a copy of the CPP, however, unequivocally denied him the opportunity to be informed of the required procedures. Requiring an inmate to remember all twenty

4

plus pages of the CPP months, or years, after reading them is neither "reasonable" nor "fair." The Court, unaware of Plaintiff's true arguments at the time of the prior opinion, must vacate said opinion to prevent a clear error and manifest injustice.

Defendants contend that "[t]o accept an argument that [informing Wiley of the grievance procedure requirements at orientation] was insufficient the court would have to find that the prison must make sure that each time an inmate sets about drafting a grievance, a copy of CPP 14.6 beyond the copy on the Department of Corrections website that is available to the public at large, is available." [DN 97 at 6]. Conversely, Plaintiff argues that "the Court must decide whether a one-time 'discussion' of the [the relevant documents] constitutes a 'fair, reasonable opportunity' for Plaintiff to apprise himself of the requirements of CPP 14.6." [DN 98]. The Court agrees with the later. Denying an inmate access to the CPP requirements practically revokes the "possibility of relief" and makes the rules "essentially unknowable." Providing an inmate a copy of the CPP when requested should not be too large of a burden for the prison to bear.

Though the Court agrees with Plaintiff's conclusion that the grievance procedures were effectively unavailable to him, his argument that the Court erred in application of *Browder v. Ankrom*, No. CIV.A. 4:05CV-P9-M, 2008 WL 3850380 (W.D. Ky. Aug. 14, 2008), is flawed. As Plaintiff points out, the Court previously distinguished the present case from *Browder* stating:

> A key difference between *Browder* and this case is that Wiley does not claim that he was actually unaware of or *misinformed* of the policy requiring him to name all involved individuals in his grievance. . . . [The *Browder* court's point] was that if the inmate did not know about a particular grievance policy because the correctional facility *provided incorrect or misleading directions* to the inmate, his unawareness could not be held against him.

[DN 92; DN 93] (emphasis added). The Court reiterates this distinction below. Wiley was unaware of the grievance procedure because the prison guards failed to provide Wiley with a copy of the CPP requirements when asked. Browder's unawareness stemmed from confusion and

5

misinformation provided on the instructions of the grievance form. These differences are distinguishable, however, just like in *Browder*, Wiley's newly explained unawareness cannot be held against him. As such, the Court does not agree with Plaintiff's argument that "circumstances in this case are exactly the same as those in *Browder*," nevertheless, reconsideration is warranted because effectively "no grievance procedure was available to Plaintiff." [DN 93 at 10]. Upon clarification by the Plaintiff explaining why Wiley was unaware of the requirements, the Court finds that "injustice would result if reconsideration were to be denied." *Adkins*, No. 5:18-156, 2018 WL 6613786, at *3. As such, the Court will grant Plaintiff's Motion for Reconsideration and reinstate claims against the terminated defendants.

## IV. Conclusion

**IT IS HEREBY ORDERED**, for the reasons stated above, that Plaintiff's Motion for Reconsideration, DN 93, is **GRANTED**. This Court's Memorandum Opinion and Order, DN 92, granting Defendant O'Bryan's motion for summary judgment and termination of additional defendants is hereby **VACATED**.

The Clerk of Court is **DIRECTED** to reinstate all claims against Defendants J. Knight, Stephen Mitchell, Willard O'Bryan, Randy White, Chase Byrum, and Brendan Inglish.

A **telephonic conference** is set **January 5, 2022 at 11:00 a.m. Central Time.** The Court shall initiate the call.

**IT IS SO ORDERED.**

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 16, 2021

cc: counsel